LATHAM & WATKINS LLP
   Ernest J. Getto (Bar No. 55662)
   Karl Lytz (Bar No. 110895)
   Richard W. Raushenbush (Bar No. 134983)
   Holly J. Tate (Bar No. 237561)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-2562
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

LATHAM & WATKINS LLP
   Collie James (Bar No. 192318)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290

Attorneys for Defendants
PNEUMO ABEX CORPORATION and
WHITMAN CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA M. AVILA, et al., | CASE NO. C-99-3941 SI |
| Plaintiffs, | (Consolidated with Case No. C-01-0266 SI) |
| v. | **[PROPOSED] SCHEDULING ORDER NO. 6** |
| WILLITS ENVIRONMENTAL REMEDIATION TRUST, et al., | (Honorable Susan Illston) |
| Defendants. | |

Federal Rule of Civil Procedure ("Rule") 16(c)(12) specifically authorizes the Court to adopt "special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions or unusual proof problems." Pursuant to Rule 16(c)(12), the Court finds that entry of Case Management Order No. 6 is necessary for the just and efficient resolution of this lawsuit.

Case Management Order No. 6 sets forth a schedule for the return of the non-settling Plaintiffs' updated or new responses to Defendants' questionnaires and authorization forms and the tasks required by the Court's Case Management Order No. 4, issued on March 1, 2005, which addressed the Court's December 9, 2004 Order requiring certain Plaintiffs to set forth a *prima facie* showing of exposure and medical causation.

### A. Updated Responses to Defendants' Questionnaire

Plaintiffs' counsel are ordered to return the non-settling Plaintiffs' updated responses to Defendants' Questionnaire to Defendants' counsel on or before November 13, 2006.

### B. Updated Authorizations Permitting Counsel and the Court, and Their Agents, to Obtain Plaintiffs' Medical, Employment, School and Military Records

Plaintiffs' counsel are ordered to return the non-settling Plaintiffs' signed updated authorizations for medical, employment, school and military records and the non-settling Plaintiffs' signed HIPAA authorization forms to Defendants' counsel on or before November 13, 2006.

### C. Missing Wrongful Death Questionnaires

Plaintiffs' counsel are ordered to return the non-settling Plaintiffs' completed Wrongful Death Questionnaires to Defendants' counsel on or before November 13, 2006.

### D. Schedule for Certain Plaintiffs' *Prima Facie* Showing of Exposure and Medical Causation

The following sets forth the schedule for the submissions and activities of the parties required by the Court's Case Management Order No. 4:

1. <u>Personal Injury Claims</u>

*Plaintiff Exposure Affidavits.* Each of the non-resident Plaintiffs and post-1988 Plaintiffs (as listed on Exhibits A and B), shall serve upon Defendants by personal service or overnight mail and file with the Court on or before December 15, 2006 an affidavit setting forth his or her showing re Plaintiff Exposure as described in section (I)(A)(1), found at page 3, lines 2 through 25, of Case Management Order No. 4.

*Expert's Affidavit*: Each non-resident Plaintiff and post-1988 Plaintiff shall serve upon Defendants by personal service or overnight mail and file with the Court on or before December 15, 2006 his or her expert's or experts' affidavit(s) as described in section (I)(A)(1), found at page 4, lines 1 through 13, of Case Management Order No. 4.

2. <u>Wrongful Death Claims</u>

*Expert's Affidavit*: Each Plaintiff claiming the wrongful death of a decedent who never lived in Willits or only lived in Willits after December 1988 shall serve upon Defendants by personal service or overnight mail and file with the Court on or before December 15, 2006 his or her expert's or experts' affidavit(s) as described in section (I)(A)(2), found at page 4, lines 14 through 18, of Case Management Order No. 4.

3. <u>Effect of Plaintiffs' Failure to Comply</u>

The personal injury and/or wrongful death claims of any Plaintiff who fails to provide the completed affidavits to Defendants and the Court in accordance with the Court's December 9, 2005 Order and sections D(1) and (2) above by December 15, 2006, shall be dismissed with prejudice from this action.

4. <u>Defendants' Response</u>

By January 12, 2007, the parties shall meet and confer to discuss the Defendants' response to the submission of the completed affidavits. This meet and confer process shall include a discussion as to whether Defendants require further discovery, including depositions of Plaintiffs and/or Plaintiffs' experts, prior to Defendants' submission of motions challenging the sufficiency of Plaintiffs' showing. Any dispute between the parties regarding Defendants' response to the submission of the completed affidavits shall be addressed to the Court by letter

brief on or before January 19, 2007. Unless otherwise ordered by the Court as a result of a dispute between the parties, Defendants' response to the completed affidavits shall be served upon Plaintiffs by personal service or overnight mail and filed with the Court by March 16, 2007.

5. Further Status Conference

The Court will hold a further status conference at 2:30 p.m. on March 30, 2006 to set further dates for Plaintiffs' *prima facie* showing, further discovery and trial.

E. Motions

Pursuant to this Case Management Order, the parties are permitted to file motions, including but not limited to summary judgment and/or summary adjudication motions, in accordance with the Federal Rules of Civil Procedure. The parties are ordered to file any motions related to reconsideration of previous rulings on or before November 15, 2006. The hearing on these motions will be held on December 20, 2006 at 2:00 p.m..

F. Amendment/Modification of Case Management Order

Any of the dates or deadlines specified in this Case Management Order may be amended, supplemented or superseded by subsequent case management orders. Such amendments, supplemental or superseding orders may be obtained either by stipulation of the parties with Court approval, or upon the motion of any party for good cause shown. Any such motion shall be made by letter brief to the Court pursuant to the standard procedures in this case.

**IT IS SO ORDERED.**

DATED:_____, 2006

_____
Honorable Susan Illston
UNITED STATES DISTRICT COURT JUDGE

APPROVED AS TO FORM AND CONTENT:

Dated: October 11, 2006

HOLLY J. TATE, ESQ.

By _____
Holly J. Tate
Attorneys for Defendants

Dated: October 11, 2006

WILLIAM M. SIMPICH, ESQ.

By _____
William M. Simpich
Attorneys for Plaintiffs

SF\578527