IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA AVILA, et al.,<br><br>         Plaintiff,<br><br>   v.<br><br>WILLITS ENVIRONMENTAL<br>REMEDIATION TRUST, et al.,<br><br>         Defendants.<br>                                                             / | No. C 99-3941 SI<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR ORDER DIRECTING SAMPLING** |

Plaintiffs have filed an "emergency" ex parte application for an order directing sampling to be conducted at the Remco site. Plaintiffs seek an order directing defendants and the Willits Environmental Remediation Trust to make the Remco site immediately available for testing by Al Levin, M.D. "and his team" with no advance notice as to the exact location for sample extraction. Defendants oppose the motion on the ground that plaintiffs must comply with Case Management Order Number One ("CMO No. 1"), which sets forth the parties' stipulated terms for plaintiffs to conduct sampling at the Remco site.

The Court agrees with defendants, and DENIES plaintiffs' motion. (Docket No. 696). Plaintiffs have not demonstrated any reason to deviate from the procedures set forth in CMO No. 1. Plaintiffs' generalized assertions of "spoliation" in other toxic tort cases are wholly irrelevant. If plaintiffs wish to proceed with testing, they must do so in compliance with the terms contained in CMO No. 1.[1] For example, plaintiffs must submit a "work plan which details the work to be performed by Plaintiffs at a

---

[1] The Court notes that defendants state they are amenable to shortening the schedule, provided plaintiffs otherwise comply with CMO No. 1.

Defendant's site . . . ." E-mails from plaintiffs' counsel stating that plaintiffs wish to "obtain soil and water samples" are not equivalent to a "work plan." While plaintiffs are correct that CMO No. 1 does not define "work plan," presumably the environmental firm that the parties appear to agree is acceptable (Levine-Fricke) can prepare a simple and appropriate "work plan."[2]

The Court also notes that a considerable amount of soils testing has already occurred at the Remco site in connection with the remediation activities which have been ongoing for several years, and it is unclear from the parties' papers whether plaintiffs have reviewed the extant testing. After review of such testing, plaintiffs may conclude that further testing is unnecessary.

**IT IS SO ORDERED.**

Dated: November 21, 2006

SUSAN ILLSTON
United States District Judge

---

[2] The Court further notes that while nothing in CMO No. 1 appears to exclude Dr. Levin from being present for any sampling, plaintiffs have not submitted any documentation showing that he is a "licensed contractor or professional" who is trained in *conducting* sampling. Given defendants' apparent agreement to Levine-Fricke, plaintiffs would be well-advised to have Levine-Fricke actually obtain the samples.

2