IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DONNA AVILA, et al.,

    Plaintiffs,

v.

WILLITS ENVIRONMENTAL TRUST, et al.,

    Defendants.
                             /

No. C 99-3941 SI

**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL FURTHER RESPONSES**

The parties have submitted letter briefs regarding the sufficiency of plaintiffs' discovery responses regarding plaintiffs' claims related to dioxin and/or PCBs.[1] Defendants contend that plaintiffs have raised inappropriate objections, such as the following:

> Questions are poorly drafted and Plaintiff[s] have to refer to the preface regularly in the hope of understanding the definitions. Why shouldn't defendants frame the request in straight forward manner without making it complicated and confusing? The litigation process is a search for the truth and not an exercise of camouflage and obstruction by crafting confusing definitions.

Def's Letter Brief at Ex. C.[2] Defendants also argue that the brevity of plaintiffs' responses, combined with plaintiffs' statement that they reserve the right to supplement their responses, indicate that the responses are incomplete. For example, in response to a request for documents relating to any process, operation or activity at the Remco site that plaintiffs contend created or released dioxin, plaintiffs identified two documents, stated that they have not yet completed examining documents, and reserved their right to "seasonably amend" their responses. *Id*. Defendants request that the Court strike the

---

[1] The letter briefs are found at Docket Nos. 761 and 765.

[2] Plaintiffs also object that certain of the discovery requests are vague, ambiguous, burdensome and/or oppressive.

1  improper objections, compel plaintiffs to provide complete responses, and require plaintiffs to seek
2  leave of Court if they wish to supplement the responses at a later date.

3      Plaintiffs respond that although this lawsuit has been pending for over seven years, "the release
4  of dioxin and PCB has never [been] discussed," and that it would be a "miscarriage of justice" if
5  plaintiffs are prevented from later supplementing their responses. Plaintiffs provide no explanation for
6  why it took over seven years to first assert these allegations. In addition, plaintiffs do not state what
7  further investigation they need to undertake, why they have been unable to complete their investigation
8  to date, or when they expect to finish their investigation.

9      The Court has reviewed plaintiffs' responses and agrees that plaintiffs should provide complete
10 responses forthwith. In light of the duration of the litigation and the need to manage this complex case,
11 it is reasonable to require plaintiffs to provide complete responses to defendants' discovery at this time.
12 Plaintiffs should immediately complete all necessary testing, review all produced documents, and
13 conclude any ongoing investigation, and submit amended, complete responses no later than **March 5,**
14 **2007**. Plaintiffs may seek leave of Court to supplement these amended responses only upon a showing
15 of good cause.

16     The Court also strikes plaintiffs' objections, and orders plaintiffs not to include these objections
17 in the amended responses. The Court finds that the questions are not poorly drafted, the definitions are
18 not confusing, and the discovery requests are not vague, ambiguous, oppressive or burdensome.

19     The parties are directed to meet and confer regarding whether it is necessary to modify the
20 schedule in this case due to the timing of plaintiffs' amended answers. If the parties decide that a
21 modification is necessary, the parties shall file a stipulation and proposed schedule no later than **March**
22 **7, 2007**. If the parties are unable to agree on the necessity of a schedule modification, they shall file
23 letter briefs setting forth their positions no later than **March 7, 2007**.

25     **IT IS SO ORDERED.**

27 Dated: February 24, 2007

                                                                SUSAN ILLSTON
                                                                 United States District Judge

(left margin: **United States District Court** / For the Northern District of California)