LATHAM & WATKINS LLP
 Ernest J. Getto (Bar No. 55662)
 Richard W. Raushenbush (Bar No. 134983)
 Holly J. Tate (Bar No. 237561)
505 Montgomery Street, Suite 2000
San Francisco, California  94111-2562
Telephone:  (415) 391-0600
Facsimile:  (415) 395-8095

LATHAM & WATKINS LLP
 Collie James (Bar No. 192318)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone:  (714) 540-1235
Facsimile:  (714) 755-8290

Attorneys for Defendants
PNEUMO ABEX CORPORATION and
WHITMAN CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA M. AVILA, et al., | CASE NO. C-99-3941 SI |
| Plaintiffs, | (Consolidated with Case No. C-01-0266 SI) |
| v. | **DEFENDANTS PNEUMO ABEX LLC'S AND WHITMAN CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS *COTTLE* PLAINTIFFS WITH PREJUDICE WHO FAILED TO MAKE A *PRIMA FACIE* SHOWING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| WILLITS ENVIRONMENTAL REMEDIATION TRUST, et al., | |
| Defendants. | (Honorable Susan Illston) |
| | **Date:   June 1, 2007**<br>**Time:   9:00 a.m.**<br>**Place:  Courtroom 10, 19th Floor**<br>**Trial Date:  None Set** |

**NOTICE OF MOTION**

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on June 1, 2007, at 9:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 10 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California, Defendants Pneumo Abex LLC (successor to Pneumo Abex Corporation) and Whitman Corporation (now known as PepsiAmericas, Inc.) (collectively "Defendants") will and hereby do move this Court to dismiss the following sixteen Plaintiffs from this action with prejudice for failure to make the *prima facie* showing of medical causation ordered by the Court: Trinity A. Clark; Evangeline Crawford; Richard Crossman; Eric Hensley; Baylee Kaser; Steven McCann; Dorothy McClellan; Wellington McClellan; Matthew Montes; Brandi Nunes; Terry Nunes; Taylor Polen; Ian Seymour; Tyler Sparkman; Kayla Werner; and Dakota Williams (collectively, "Dismissal Plaintiffs").

This motion is made on the grounds that the Dismissal Plaintiffs failed to comply with the Court's October 16, 2006 Order that required them to submit affidavits demonstrating a *prima facie* showing of exposure and medical causation in compliance with the requirements set forth in Case Management Order No. 4. On February 15, 2007, the Dismissal Plaintiffs, along with the other *Cottle* Plaintiffs, provided Defendants with their exposure and medical causation affidavits. The causation affidavit authored by Dr. Alan S. Levin, however, was insufficient with regard to the Dismissal Plaintiffs because Dr. Levin expressly declined to render an opinion as to the connection between any Remco contamination and these plaintiffs' alleged injuries. Because medical causation is an essential aspect of a personal injury claim, the Dismissal Plaintiffs' failure to provide *prima facie* evidence of this element demonstrates that their claims lack merit. Furthermore, in the October 16, 2006 Order, this Court stated that the wrongful death and/or personal injury claims of any plaintiff who fails to submit an affidavit that complies with the requirements of Case Management Order No. 4 will be dismissed with prejudice. Accordingly, Defendants request that the Dismissal Plaintiffs be dismissed with prejudice from this action.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

MOTION TO DISMISS *COTTLE* PLAINTIFFS WHO
FAILED TO MAKE *PRIMA FACIE* SHOWING
Case No. C-99-3941 SI (Consolidated with Case No. C-01-0266 SI)

1

## **RELIEF REQUESTED**

2          Defendants respectfully request that the Court grant Defendants' Motion to

3   Dismiss *Cottle* Plaintiffs who failed to make the *prima facie* showing of medical causation as

4   ordered by the Court on October 16, 2006 with prejudice from this action.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SAN FRANCISCO

2

MOTION TO DISMISS *COTTLE* PLAINTIFFS WHO
FAILED TO MAKE *PRIMA FACIE* SHOWING
Case No. C-99-3941 SI (Consolidated with Case No. C-01-0266 SI)

## MEMORANDUM OF POINTS AND AUTHORITIES

I.      **INTRODUCTION**

Defendants Pneumo Abex LLC (successor to Pneumo Abex Corporation) ("Pneumo Abex") and Whitman Corporation (now known as PepsiAmericas, Inc.) ("Whitman") (collectively "Defendants") move this Court to dismiss the claims of the following plaintiffs with prejudice for failure to make the *prima facie* showing of medical causation ordered by the Court: Trinity A. Clark; Evangeline Crawford; Richard Crossman; Eric Hensley; Baylee Kaser; Steven McCann; Dorothy McClellan; Wellington McClellan; Matthew Montes; Brandi Nunes; Terry Nunes; Taylor Polen; Ian Seymour; Tyler Sparkman; Kayla Werner; and Dakota Williams (collectively, "Dismissal Plaintiffs").  The Dismissal Plaintiffs failed to provide sufficient *prima facie* evidence of medical causation because their designated expert, Dr. Alan S. Levin, admitted in his affidavit that he was unable to opine to a reasonable degree of medical certainty that any of their alleged injuries were linked to contamination from Remco.  Because medical causation is an essential aspect of the Dismissal Plaintiffs' personal injury claims, their failure to provide *prima facie* evidence of this element demonstrates that their claims are without merit and should be dismissed with prejudice.

II.     **BACKGROUND**

In their Fifth Amended Complaint, Plaintiffs seek relief from Defendants on the basis that they have suffered personal injuries as a result of toxic chemicals emitted from the former Remco Hydraulics facility located in Willits, California.  For each Plaintiff to succeed on these claims, he or she must demonstrate in the first instance that he or she was exposed to hazardous chemicals that were released from the Remco Hydraulics facility while it was under the ownership of a predecessor of either Whitman and/or Pneumo Abex.  As Plaintiffs admit, Whitman's predecessor ceased ownership and operation of the Remco Hydraulics facility in 1977, and Pneumo Abex's predecessor ceased ownership and operation of the Remco Hydraulics facility in November 1988.  Fifth Amended Complaint, ¶¶ 15-16.

Because neither Whitman's predecessor nor Pneumo Abex's predecessor operated the former Remco facility after November 1988, it will be very difficult for any Plaintiff who has

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

3

MOTION TO DISMISS *COTTLE* PLAINTIFFS WHO
FAILED TO MAKE *PRIMA FACIE* SHOWING
Case No. C-99-3941 SI (Consolidated with Case No. C-01-0266 SI)

1   never lived in Willits or only lived in Willits after 1988 to prove that his or her injuries resulted

2   from exposure to chemicals for which Whitman and/or Pneumo Abex are responsible. Earlier in

3   this action, Whitman and Pneumo Abex asked the Court to order two groups of Plaintiffs, *i.e.,*

4   those who had never lived in Willits and those who had only lived in Willits after 1988, to

5   submit a *prima facie* showing of exposure and medical causation. On December 9, 2004, the

6   Court granted Defendants' request.

7          In Case Management Order No. 4, dated March 1, 2005, the Court set forth what

8   Plaintiffs must give to Defendants as part of the required *prima facie* showing of exposure and

9   medical causation. Specifically, each Plaintiff asserting personal injury claims must provide

10  Defendants with both an affidavit "supporting their claimed exposure to hazardous substances

11  discharged or released by the predecessors of either Whitman or Pneumo Abex" and an affidavit

12  "from a physician, medical and/or other expert" stating "to a reasonable medical probability that

13  the exposure caused" the injuries about which that Plaintiff complains. CMO No. 4, at 3-4. The

14  relevant Plaintiffs provided their exposure and medical causation affidavits to Defendants on

15  February 15, 2007. Defendants' response to these affidavits is due June 22, 2007.

16         Each of the Dismissal Plaintiffs was included in one of the two groups that was

17  required to submit *prima facie* evidence of exposure and medical causation because they had

18  either never resided in Willits or only resided there after 1988. The Dismissal Plaintiffs,

19  however, failed to provide any evidence of medical causation because, for each, Dr. Levin

20  expressly declined to render an opinion that there is a connection between any of their alleged

21  injuries and Remco contamination. Declaration of Holly J. Tate ("Tate Decl."), Exh A. at 24-25,

22  28-32, 37-38, 45-48, 50-55, 58-59, 67-70, 74-77 (Medical Causation Affidavit for *Cottle*

23  Plaintiffs).

24         Accordingly, the Court should dismiss the Dismissal Plaintiffs from this action

25  with prejudice.

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

MOTION TO DISMISS *COTTLE* PLAINTIFFS WHO
FAILED TO MAKE *PRIMA FACIE* SHOWING
Case No. C-99-3941 SI (Consolidated with Case No. C-01-0266 SI)

III.    **ARGUMENT**

A.      **Evidence Of Exposure And Medical Causation Is Essential To A Claim Of Personal Injury Based On Toxic Exposure.**

For a plaintiff to succeed on a claim for personal injury, he or she must prove, among other things, that the defendant's actions were a cause in fact, or an actual substantial factor in the cause, of the plaintiff's injuries. *See Jones v. Ortho Pharm. Corp.*, 163 Cal. App. 3d 369, 402-03 (1985); *see e.g., Gordon v. Havasu Palms, Inc.*, 93 Cal. App. 4th 244, 252 (2001) ("To recover for negligence, the plaintiff must show the defendant owed the plaintiff a legal duty, that the defendant breached that duty, and that the breach was a cause in fact of the plaintiff's injuries. A defendant's conduct is a cause in fact of the plaintiff's injury if it was a substantial factor in bringing about the injury.") (citations omitted). According to the current version of CACI 430, "[a] substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm. [Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.]" CACI No. 430 (rev. ed. Summer 2005).

Here, where a plaintiff contends that hazardous substances were a "substantial factor" in causing his or her alleged injury, that plaintiff must prove that he or she was actually exposed to substances for which the defendant is responsible. *Ferris v. Gatke Corp.*, 107 Cal. App. 4th 1211, 1220 n.4 (2003) ("If there has been no exposure, there is no causation.") (*citing Dumin v. Owens-Corning Fiberglas Corp.*, 28 Cal. App. 4th 650, 655 (1994)). Furthermore, a plaintiff claiming personal injury from exposure to hazardous substances must prove "to a reasonable medical probability based upon competent expert testimony" that such exposure was the cause, or a substantial factor in the cause, of the injury. *Jones*, 163 Cal. App. 3d at 402. "Mere possibility alone is insufficient to establish a prima facie case" of medical causation because "[t]here can be many possible 'causes,' indeed, an infinite number of circumstances which can produce an injury or disease." *Id.* It is only when there is an "absence of other reasonable causal explanations" that it "becomes more likely than not that the injury was a result

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

MOTION TO DISMISS *COTTLE* PLAINTIFFS WHO
FAILED TO MAKE *PRIMA FACIE* SHOWING
Case No. C-99-3941 SI (Consolidated with Case No. C-01-0266 SI)

1   of [a defendant's] action." *Id.* at 403; *accord Bromme v. Pavitt*, 5 Cal. App. 4th 1487, 1498

2   (1992. And, "[t]his is the outer limit of inference upon which an issue may be submitted to the

3   jury." *Id.*

4          In sum, for the Dismissal Plaintiffs to succeed on their claims for personal injury

5   against Defendants, they must establish both that they were exposed to hazardous substances or

6   toxic chemicals from the Remco Hydraulics facility for which Defendants are responsible and

7   that, "to a reasonable medical probability," this exposure caused the injuries for which they seek

8   compensation.

9   **B.      The Dismissal Plaintiffs Failed To Set Forth *Prima Facie* Evidence Of**

10          **Exposure And/Or Medical Causation.**

11          When plaintiffs are asked to set forth *prima facie* evidence of essential elements

12   of their claims, they are merely being asked to set forth the evidence that, pursuant to Federal

13   Rule of Civil Procedure 11(b)(3), they should have had before filing their complaint. *Acuna v.*

14   *Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2004). Accordingly, if plaintiffs cannot set forth

15   the *prima facie* evidence necessary to support their claims even long <u>after</u> a complaint is filed, it

16   is clear that their claims have no factual basis and simply cannot succeed. A court, therefore,

17   may properly dismiss plaintiffs' claims if they fail to satisfy a court's request that they submit

18   *prima facie* evidence of essential elements of their claims. *See id.* (affirming district court's

19   dismissal of plaintiffs' personal injury claims after they failed to comply with the court's pre-

20   discovery scheduling order requiring them to submit evidence of exposure and medical

21   causation).

22          Here, the Dismissal Plaintiffs indisputably failed to comply with the Court's

23   October 16, 2006 Order that they set forth *prima facie* evidence of exposure and medical

24   causation. As noted above, in the affidavit of medical causation for the *Cottle* plaintiffs, Dr.

25   Levin was unable to render any opinion about whether there is a connection between any of their

26   alleged injuries and Remco contamination. Tate Decl, Exh A. at 24-25, 28-32, 37-38, 45-48, 50-

27   55, 58-59, 67-70, 74-77. The relevant quotes from Dr. Levin's medical causation affidavit,

28

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

6

MOTION TO DISMISS *COTTLE* PLAINTIFFS WHO
FAILED TO MAKE *PRIMA FACIE* SHOWING
Case No. C-99-3941 SI (Consolidated with Case No. C-01-0266 SI)

1  which, it should be noted, Dr. Levin signed under penalty of perjury, are set forth in the

2  following table:

| Plaintiff Name | Medical Causation Affidavit Quote |
|---|---|
| Trinity A. Clark | "Based upon the absence of serious environmentally induced injuries in the medical records available to me, I have no opinion as regards the impact of environmental exposures on this child's current state of health." |
| Evangeline Crawford | "The medical records available to me do not provide me enough information to make an opinion regarding the patient's environmental exposures and her present state of health." |
| Richard Crossman | "Based on the patient's personal habits, occupational exposures and the medical records available to me, I am unable to make an opinion on the impact his exposures from the Remco contamination sites in his present state of health." |
| Eric Hensley | "Based upon the medical records available to me at this time, I am unable to make an opinion as to the impact of the patient's exposure to the Remco contamination sites and his present state of health." |
| Baylee Kaser | "Given the absence of adequate records, I am unable to offer an opinion on the impact of the Remco contamination on this patient's present state of health." |
| Steven McCann | "Based upon the patient's obesity and the consequent problems associated with this condition I am unable to render an opinion on the impact of the Remco contamination on this child's present state of health." |
| Dorothy McClellan | "I can find no conditions upon which I could opine to a reasonable degree of medical certainty were caused by exposure to toxic substances emanating from the Remco contamination sites." |
| Wellington McClellan | "The records are silent for any conditions which I could attribute, to a reasonable degree of medical certainty, to the Remco contamination site." |
| Matthew Montes | "I do not have sufficient medical evidence to render an opinion as to the impact of this patient's exposure to the Remco contamination sites and his present state of health." |
| Brandi Nunes | "I can find no conditions that I can link, to a reasonable degree of medical certainty, to the Remco contamination sites." |
| Terry Nunes | "The medical history for this patient is too convoluted to allow me to parse out what disorders are related to Remco contamination." ... "Opinion: None." |
| Taylor Polen | "Medical records show only one episode of mild pneumonia." ... "Opinion: None." |
| Ian Seymour | "The record does not allow me to form an opinion to a reasonable degree of medical certainty regarding the impact of this child's exposure to the |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

MOTION TO DISMISS *COTTLE* PLAINTIFFS WHO
FAILED TO MAKE *PRIMA FACIE* SHOWING
Case No. C-99-3941 SI (Consolidated with Case No. C-01-0266 SI)

| Plaintiff Name | Medical Causation Affidavit Quote |
|---|---|
| | Remco contamination sites and his present state of health." |
| Tyler Sparkman | "Medical records reveal numerous bacterial and viral infections over the years but the frequency and severity are not sufficient for me to render an opinion, to a reasonable degree of medical certainty, as to the impact of the Remco contamination sites and the patient's present state of health." … "Opinion:  None." |
| Kayla Werner | "I have no opinion to a reasonable degree of medical certainty on the impact of the Remco contamination sites and this child's state of health." |
| Dakota Williams | "Opinion:  None." |

The Dismissal Plaintiffs' failure to satisfy the Court's request for a *prima facie* showing of an elements essential to their personal injury claims, fact of exposure and medical causation, reveals that their claims are without merit.  In its October 16, 2006 Order, this Court stated that the wrongful death and/or personal injury claims of any plaintiff who fail to submit an affidavit that complies with the requirements of Case Management Order No. 4 will be dismissed with prejudice.  For these reasons, the Dismissal Plaintiffs should be dismissed from this action with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss *Cottle* Plaintiffs With Prejudice Who Failed to Make a *Prima Facie* Showing.

Dated:  April 27, 2007

Respectfully submitted,

LATHAM & WATKINS LLP
Ernest J. Getto
Richard W. Raushenbush
Collie James
Holly J. Tate

/s/ Holly J. Tate

By _____
Holly J. Tate
Attorneys for Defendants
PNEUMO ABEX LLC (successor to
Pneumo Abex Corporation) and WHITMAN
CORPORATION (now known as
PepsiAmericas, Inc.)

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

MOTION TO DISMISS *COTTLE* PLAINTIFFS WHO
FAILED TO MAKE *PRIMA FACIE* SHOWING
Case No. C-99-3941 SI (Consolidated with Case No. C-01-0266 SI)