IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DONNA AVILA, et al.,                              No. C 99-3941 SI

        Plaintiffs,                              **ORDER DENYING PLAINTIFFS'**
   v.                                              **MOTION FOR PROTECTIVE ORDER**

WILLITS ENVIRONMENTAL TRUST, et al.,

        Defendants.
                                    /

        Plaintiffs seek a protective order against discovery propounded by defendants relating to plaintiffs' *prima facie* showing of exposure to dioxin and PCBs.[1] In accordance with an earlier order of this Court, plaintiffs filed individual and expert affidavits setting forth "all facts" supporting plaintiffs' claims that they were exposed to and injured by hazardous substances released by the predecessor of either defendants Whitman or Pneumo Abex. Defendants wish to take the following discovery prior to responding to plaintiffs' *prima facie* showing: (1) production of documents and a limited deposition of plaintiffs' expert, Dr. Levin; (2) depositions of witnesses whose blood was tested; (3) deposition of Eno River Labs, the laboratory that performed the blood analyses; and (4) depositions of the witnesses who allegedly saw "widespread burning" at the Remco site.

        Plaintiffs object that this discovery is not permitted under Case Management Order No. 4, which stayed any discovery "which is not provided for in a case management order approved by the Court." CMO No. 4 at 2. However, as defendants note, Case Management Order No. 6 expressly contemplates that defendants may take discovery after plaintiffs' *prima facie* showing and prior to filing defendants'

---

[1] The letter briefs are found at Docket Nos. 798 and 806.

response. *See* CMO No. 6 at 2-3.

Plaintiffs also argue that the discovery at issue will unfairly allow defendants to discover "thoughts, tactics, [and] foundational data of plaintiffs' expert before they make their responsive submission." The Court finds that it reasonable to allow defendants discovery on the factual and evidentiary basis for plaintiffs' recently-asserted dioxin and PCB exposure claims prior to filing a response. As defendants note, Dr. Levin's affidavit generally references "all witnesses identified in the various documents of Remco produced in discovery" as one of the factual bases for his opinion. Defendants are entitled to take Dr. Levin's deposition to obtain a more specific statement of the factual basis for his opinion. As another example, defendants are entitled to depose the witnesses whose blood was tested in order to examine plaintiffs' assertions that these witnesses are "representative." Finally, the Court finds that a fuller factual record will benefit the Court in its evaluation of plaintiffs' claims in the event that defendants file motions challenging the sufficiency of plaintiffs' *prima facie* showing, as is contemplated by CMO No. 6.

Accordingly, the Court DENIES plaintiffs' motion for a protective order. Dr. Levin shall respond to the subpoena duces tecum issued by defendants on February 16, 2007, and defendants shall be permitted to take the limited discovery outlined in their February 26, 2007 letter brief. In light of the various case management deadlines in this action, the parties are directed to cooperate so that the depositions take place expeditiously.

**IT IS SO ORDERED.**

Dated: March 5, 2007

SUSAN ILLSTON
United States District Judge