IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA AVILA, *et al.*, | No. C 99-3941 SI |
| Plaintiffs, | (Consolidated with Case Nos. C 01-266 SI and C 06-2555 SI) |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO STRIKE MAY 22, 2008 DECLARATION OF DR. WILLIAM R. SAWYER** |
| WILLITS ENVIRONMENTAL REMEDIATION TRUST, *et al.*, | |
| Defendants. | |

Defendants have filed a motion to strike the May 22, 2008 declaration of Dr. William R. Sawyer. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the September 22, 2008 hearing on the matter. For the reasons set forth below, the Court GRANTS the motion.

**DISCUSSION**

Defendants move to strike Dr. William Sawyer's May 22, 2008 declaration, which plaintiffs produced on July 3, 2008. Defendants contend that the declaration is untimely because plaintiffs were required to identify all evidence of exposure and causation by no later than March 15, 2008. In a January 23, 2008 order, the Court required plaintiffs to produce all evidence responsive to defendants' discovery on exposure and causation by March 15, 2008, including all expert reports and testimony: "If plaintiffs intend to rely on expert opinion in support of their claims, plaintiffs must provide such opinions in response to the discovery at issue." January 23, 2008 Order at 2. The Court cautioned plaintiffs regarding the consequences of the failure to timely produce all responsive evidence: "if any

plaintiff fails to provide discovery responses, a negative inference and/or issue preclusion will result." *Id.* On March 17, 2008, plaintiffs provided their responses to defendants' written discovery, and also provided a declaration from Dr. William Sawyer, dated March 15, 2008.

In response to a document subpoena directed to Dr. Sawyer, on July 3, 2008 plaintiffs produced, *inter alia*, a new declaration from Dr. Sawyer dated May 22, 2008. Dr. Sawyer's 14 page declaration differs from his earlier declaration in several ways. First, Dr. Sawyer provides a "toxicological interpretation" of two blood test results; in an order filed July 9, 2008, the Court excluded those test results as untimely because they had not been produced by March 15, 2008.[1] Second, Dr. Sawyer opines that Dr. Alan Levin was correct with regard to his previously-excluded opinions[2] regarding the possibility of dioxin creation at the Remco site through periodic burning of waste, whether the testing results of the four "Blood Test Plaintiffs" indicate high levels of dioxin and other chemical exposure, and whether those same Blood Test Plaintiffs' test results indicate an "unusual exposure" from a "single source." James Decl. Ex. 4 ¶¶ 5-26.

Defendants move to strike Dr. Sawyer's May 22, 2008 declaration as untimely, and also on substantive grounds. With regard to timeliness, plaintiffs do not directly respond to defendants' argument that Dr. Sawyer's May 22, 2008 declaration is in violation of the Court's previous orders requiring plaintiffs to provide all evidence of exposure and causation, including expert testimony, by March 15, 2008. Instead, plaintiffs generally assert that they are permitted under the Federal Rules to "supplement" their expert opinions, and they characterize Dr. Sawyer's May 22, 2008 declaration as a "further explanation and expansion of the opinion expressed in his March 17, 2008 report."

The Court finds that Dr. Sawyer's May 22, 2008 declaration is untimely, and that plaintiffs and their experts may not rely on any of the opinions expressed in that declaration. Plaintiffs do not provide any explanation for why the opinions set forth in the May 22, 2008 declaration were not contained in Dr. Sawyer's March 17, 2008 report. To the extent the May 22, 2008 report simply explains and

---

[1] Plaintiffs appear to concede that in light of the Court's July 9, 2008 order, Dr. Sawyer should not be permitted to provide an opinion regarding those two test results.

[2] The Court incorporates by reference the February 6, 2008 Order Granting Defendants' Motion to Strike Declaration of Dr. Levin. (Docket No. 1022).

2

expands on the March 17, 2008 report – as plaintiffs assert – there is no reason why those expanded opinions could not have been included in the March 17, 2008 report. In addition, defendants assert that the May 22, 2008 report includes new and completely different theories regarding the Blood Test Plaintiffs' test results that have not been previously advanced by any plaintiff expert and were not discussed in Dr. Sawyer's March 15, 2008 declaration. In either event – whether supplementary or new – the opinions expressed in Dr. Sawyer's May 22, 2008 declaration could and should have been provided by the March 15, 2008 deadline because Dr. Sawyer's opinions regarding dioxin creation and his interpretation of the Blood Test Plaintiffs' test results are not based on any new facts.

As the docket well reflects, this case has been pending for nine years, and plaintiffs have long been on notice of the need to provide evidence of exposure and causation. The Court has repeatedly admonished plaintiffs for their disregard of the Court's orders and their failure to meet their discovery obligations. As this litigation nears its conclusion, plaintiffs' counsel would be well advised to comply with all Court orders and pretrial deadlines.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to strike Dr. Sawyer's May 22, 2008 declaration. (Docket No. 1095).

**IT IS SO ORDERED.**

Dated: September 30, 2008

SUSAN ILLSTON
United States District Judge