**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA AVILA, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>WILLITS ENVIRONMENTAL TRUST, *et al.*,<br><br>    Defendants.<br>_____/ | No. C 99-3941 SI; No. C 06-2555 SI<br><br>**ORDER STRIKING JANUARY 2009 REPORTS OF DRS. LEVIN AND REMY; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE DR. SAWYER'S JANUARY 2009 REPORT WITHOUT PREJUDICE TO RENEWAL OF SPECIFIC OBJECTIONS AT SUMMARY JUDGMENT OR TRIAL** |

      On February 13, 2009, the Court held a hearing on defendants' request to exclude the January 2009 reports, or portions thereof, of Drs. Levin, Remy and Sawyer. Defendants contend that the reports are untimely because they contain new opinions on medical causation and/or exposure in violation of the Court's order dated January 23, 2008, which set March 15, 2008 as the deadline for all such evidence. Plaintiffs contend that the reports do not contain new opinions, but merely "refine" and "supplement" the experts' previously-disclosed opinions. Plaintiffs also contend that to the extent the Court determines that the reports do contain new opinions, plaintiffs have good cause for submitting the reports because plaintiffs' counsel was operating under an "enormous time crunch" in January - March 2008 due to discovery and mediations.

      The Court has reviewed the new reports and compared them with the experts' previous reports, and agrees that the new reports of Drs. Levin and Remy contain entirely new opinions on medical causation and should be stricken in their entirety. As the Court has repeatedly held in a series of orders beginning with the case management conference minute order in November 2007 through the January

26, 2009 order denying plaintiffs' discovery motions,[1] plaintiffs have had ample opportunity to gather their evidence of exposure and medical causation. Plaintiffs were required to respond to defendants' discovery on exposure and medical causation – including production of expert opinions – by March 15, 2008. The new reports by Drs. Levin and Remy cannot in any way be fairly characterized as refinements of their previous reports. Instead, they contain new methodologies and entirely new analyses missing from the earlier reports. In his previous report, Dr. Levin used a four factor "differential diagnosis" methodology to make medical causation opinions. In his new report, Dr. Levin uses a nine factor "Bradford Hill Criteria" to opine on medical causation. Dr. Levin's new report opines, for the first time, that trivalent chromium also caused or contributed to plaintiffs' injuries, and his new report identifies a different mix of chemicals that allegedly caused specific plaintiffs' injuries than was identified in the previous report or at his deposition. Dr. Levin also previously disclaimed the reliability of "dose calculations" for evaluation of exposures; his new report explicitly relies on dose calculations.

Similarly, Dr. Remy's previous report states, "Based on preliminary analyses, controlling for age, Willits residents have been more likely than other Mendocino County residents to be diagnosed with the following conditions: [list of conditions]; They have been neither more nor less likely to be diagnosed with the following conditions: [list of conditions]; Children and young adults through about age 24 have been more likely than other Mendocino County residents to be diagnosed with the following conditions: [list of conditions]." In contrast, Dr. Remy's January 2009 report is much more detailed, and opines, *inter alia*, that not only are Willits residents sicker than Mendocino County residents, but that the greater incidence rates are attributable to Remco. This medical causation opinion is clearly new, and was required by March 15, 2008. Plaintiffs attempt to salvage the new report by arguing that Dr. Remy's January 2009 report is based on the same raw data as the previous report. However, the analysis in the January 2009 report is vastly more detailed and refined than the bare statements of opinion in the previous report.

---

[1] The Court incorporates by reference all of these previous orders, which detail at length the procedural history of this case and plaintiffs' counsels' repeated failure to abide by discovery deadlines in this nearly 10 year litigation.

Plaintiffs have not demonstrated any good cause for the production of these new reports at this late date of this very long litigation, and as defendants correctly argue, if the Court permits the submission of these reports, discovery would need to be reopened and the pretrial and trial dates moved. Accordingly, the Court GRANTS defendants' motion to strike the January 2009 reports of Dr. Levin and Dr. Remy in their entirety.

Defendants have also moved to strike certain portions of Dr. Sawyer's January 2009 report on the ground that the new report contains some new opinions. Plaintiffs respond that Dr. Sawyer's recent report simply expands on earlier provided opinions, and that Dr. Sawyer was questioned at length on these topics at his deposition. The Court has reviewed the two reports and finds that most of the challenged opinions were previously disclosed, at least to some extent. For example, Dr. Sawyer's previous report referenced and discussed a number of reports that are described in greater detail in the new report. *Compare* March 2008 report ¶ 14 (discussion of Stern report) *with* January 18, 2009 report at 7-8 (discussion of Stern report). It also appears that defendants have already deposed Dr. Sawyer about many, if not all, of the opinions at issue in the January 2009 report, and thus the Court finds that there is minimal prejudice to defendants of allowing Dr. Sawyer's report at this time.[2] Defendants may renew specific objections to specific opinions at summary judgment or trial. The Court will strike, however, paragraphs 22-26 of the new Sawyer report as those portions were previously excluded by the Court's September 30, 2008 order.

**IT IS SO ORDERED.**

Dated:   February 26, 2009

_____
SUSAN ILLSTON
United States District Judge

---

[2] If defendants wish to redepose Dr. Sawyer, the Court will permit this deposition.

3