IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA M. AVILA, *et al.*, | No. C 99-03941 SI |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' AND DEFENDANTS' CROSS-MOTIONS FOR REVIEW OF TAXATION OF COSTS** |
| v. | |
| WILLITS ENVIRONMENT, *et al.*, | |
| Defendants. | |

Plaintiffs and defendants have filed cross-motions for judicial review of the Clerk's taxation of defendants' costs. The motions were scheduled for hearing on November 20, 2009. Pursuant to Civil Local Rule 7-1(b), the Court found this matter appropriate for resolution without oral argument and vacated the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART the parties' cross-motions for review of the Clerk's taxation of costs.

**BACKGROUND**

In 1999, plaintiffs filed *Avila, et al. v. Willits Environmental Remediation Trust, et al.*, C 99-3941 SI. Another related case was filed in 2001, *Abbott, et al. v. Willits Environmental Remediation Trust, et al.*, C 01-266 SI, and a third action was removed to this Court in 2006, *Nickerman et al. v. Remco Hydraulics, Inc. et al.*, C 06-2555 SI. The three cases were consolidated and originally involved over 1100 plaintiffs. During the course of this litigation, hundreds of plaintiffs have settled their claims and others have been dismissed for various reasons. On June 18, 2009, the Court entered summary judgment against the ten remaining plaintiffs.

Defendants filed a bill of costs on July 2, 2009 seeking $362,063.16 in costs. Plaintiffs filed objections to certain items in the bill of costs. Defendants subsequently reduced the amount of costs sought to $331,691.48 to account for the costs of obtaining education and employment records associated exclusively with settled plaintiffs. On October 7, 2009, the Clerk taxed costs in the amount of $159,297.77, awarding fees of the Clerk, fees for service of summons and subpoena, fees for witnesses, and fees for printed or electronically recorded transcripts necessarily obtained for use in the case. The Clerk disallowed all reproduction and exemplification costs pursuant to plaintiffs' objections. *Id.* Both parties now move for review of the Clerk's taxation of costs.

**LEGAL STANDARD**

28 U.S.C. § 1920 authorizes a judge or clerk of the district court to tax costs. Pursuant to Federal Rule of Civil Procedure 54(d), costs incurred by the prevailing party may be assessed against the losing party as of course and may be taxed by the clerk. "Unless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). Taxable costs are listed in 28 U.S.C. § 1920 as follows:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Civil Local Rule 54-3 provides additional "standards for interpreting the costs allowed under section 1920." *Intermedics v. Ventritex, Co.*, No. C-90-20233, 1993 U.S. Dist. LEXIS 17803, at *2 (N.D. Cal. Dec. 2, 1993). Upon motion for review of the Clerk's taxation of costs, the Clerk's actions may be reviewed by the Court. Fed. R. Civ. P. 54(d)(1). The taxation of costs lies within the trial court's

2

discretion. *In re Media Vision Tech. Secs. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996).

If the district court wishes to depart from the presumption in favor of awarding costs, it must gives reasons for doing so by explaining "why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Assoc. of Mexican-American Educators v. Cal.*, 231 F.3d 572, 593 (9th Cir. 2000). District courts may consider a variety of factors in determining whether to exercise their discretion to deny costs to the prevailing party. These factors include great economic disparity between the parties, and the losing party's limited financial resources. *Id.*

## DISCUSSION

Both parties move for review of the Clerk's taxation of costs. Defendants contend that they are entitled to additional costs for the reproduction and exemplification of government records and disclosure and discovery documents. Plaintiffs, in turn, object to the taxation of the following: (1) costs for delivery services pertaining to certain litigation-related documents, (2) costs that they assert are associated exclusively with settled plaintiffs, and (3) certain costs associated with depositions, such as fees for videotaping, CD conversion, and expedited delivery. Further, plaintiffs assert that the Court should exercise its discretion to apportion the total cost among the plaintiffs rather than holding them jointly and severally liable.

**I.    Reproduction and exemplification costs**

Defendants challenge the Clerk's exclusion of costs for reproducing and exemplifying various documents. Defendants seek $169,707.91 for reproducing the following: (1) government records regarding Remco Hydraulics, Inc., in the amount of $16,285.91; (2) plaintiffs' birth certificates, in the amount of $8,674.20; (3) plaintiff Donna Avila's discovery documents, in the amount of $2,560.20; (4) defendants' expert disclosures, in the amount of $9,645.30; (5) plaintiffs' medical, education, and employment records, in the amount of $131,412.90; and (6) documents produced pursuant to subpoenas duces tecum, in the amount of $1,129.40. The Court will address each of these costs separately.

First, defendants contend that they are entitled to costs for the reproduction of government records relating to Remco pursuant to Civil Local Rule 54-3(d)(1), which provides that "[t]he costs of reproducing or certifying or exemplifying government records used for any purpose in the case is allowable." Defendants assert that they incurred costs in the amount of $16,285.91 for the reproduction of documents in possession of the United States Environmental Protection Agency, the California Regional Water Quality Control Board, the Department of Toxic Substances Control, the Department of Public Health, and other government agencies. The parties do not dispute that these documents are government records that were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). However, plaintiffs contend that defendants' reproduction costs include various charges that are not permitted under § 1920 or the Local Rules, including fees for labor, travel time, and machine transportation and set-up.

Defendants contend that they are entitled to recover fees for labor and machine transportation and set-up where such costs were necessarily incurred in order to reproduce the documents. Specifically, defendants seek labor costs for those instances in which they did not have access to the documents themselves and were required to pay the government agency a fee to have its employees make the copies. Additionally, defendants seek machine transportation and set-up fees for those cases in which it was necessary for the vendor to reproduce the documents at on-site locations. However, the plain language of Rule 54-3(d)(1) provides only for the cost of reproducing or exemplifying the relevant records. Further, defendants do not cite any authority supporting an award of fees for labor and machine set-up, and the few cases they do cite are factually distinguishable. *See Affymetrix, Inc. v. Multilyte Ltd.*, No. C-03-03779, 2005 U.S. Dist. LEXIS 41177, *8-9 (N.D.Cal. Aug. 26, 2005) (awarding costs incurred in conducting patent assignment searches and obtaining patent file histories); *Competitive Techs. v. Fujitsu Ltd.*, No. C-02-1673, 2006 U.S. Dist. LEXIS 98312, *25-26 (N.D. Cal. Aug. 23, 2006) (awarding costs for bates stamping). Therefore, the Court reads this rule to allow recovery for the costs of the copies themselves, but not for all the subsidiary costs pertaining to labor and machine set-up. Accordingly, the Clerk is directed to tax an additional $13,051.93, which is the cost for reproduction

4

of government records related to Remco.

Second, defendants contend that they are entitled to costs for the reproduction of plaintiffs' birth certificates because these records also constitute government records pursuant to Rule 54-3(d)(1). The Court finds that defendants have provided sufficient documentation to support an award of these costs. Since plaintiffs do not raise specific objections to the taxation of these costs, they have not met their burden of demonstrating why these costs should not be awarded. Therefore, the Clerk is directed to add $8,674.20 for reproducing plaintiffs' birth certificates.

Third, defendants assert that they are entitled to costs for reproduction of disclosure documents from plaintiff Donna Avila pursuant to defendants' first request for production of documents. Civil Local Rule 54-3(d)(2) provides that "[t]he cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable." The invoice for copies of these disclosure documents includes fees for the copies as well as for machine transportion and set-up. In keeping with the discussion above, the Court will allow the cost for copies but deny the cost for machine transportation and set-up. Accordingly, the Clerk is directed to add $2,335.20 for reproducing Avila's disclosure documents.

Fourth, defendants assert that they are entitled to costs for scanning expert disclosure documents, converting them to a TIFF or PDF, and uploading them to CDs for production to plaintiffs. Defendants contend that these fees should be awarded pursuant to Rule 54-3(d)(2). In their objection to defendants' bill of costs, plaintiffs argued that costs of scanning documents to a CD is for the convenience of counsel and should be disallowed. Pls' Objections, at 8 [Docket No. 1274]. However, the Court finds that where defendants have not sought additional costs for making regular copies, and the electronic conversion was "in *lieu* of making conventional copies," electronic conversion costs are permissible under the Local Rule. *MEMC Elec. Materials v. Mitsubishi Materials*, No. C-01-4925, 2004 U.S. Dist. LEXIS 29359, at *46 (N.D. Cal. Oct. 22, 2004). As such, the Clerk is directed to add $9,645.30 for reproducing expert disclosure documents.

Fifth, defendants contend that they are entitled to costs for reproduction of plaintiffs' medical,

5

education, and employment records because these are also recoverable disclosure documents pursuant to Rule 54-3(d)(2). The parties do not dispute that these disclosure documents were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). However, plaintiffs contend that these costs include various impermissible charges, such as costs for food, lodging, rush delivery, and "certification of no records."

The Court finds that while defendants have not sought charges for food and lodging, the relevant invoices reflect certain impermissible fees for rush delivery, shipping, and "certification of no records." These charges do not fall within taxable reproduction costs under the Local Rule. However, defendants assert that they are entitled to recover these "retrieval" costs because it was plaintiffs' obligation to bear these costs at the outset of the case. Defendants claim that plaintiffs failed to produce these documents pursuant to their discovery obligations and as a result, defendants were forced to incur these costs. However, defendants do not cite to the record in support of this contention. Since retrieval costs are not otherwise taxable under the Local Rule, the Court denies these fees and limits defendants' recovery to the cost for reproducing these records.

Plaintiffs also object to the costs of reproducing medical records on the ground that defendants are claiming double recovery because plaintiffs served various medical records on defendants. Defendants submitted sufficient documentation to support an award of these costs. Therefore, the burden is on the plaintiff to demonstrate why these costs should not be awarded. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). Although plaintiffs' declaration lists the medical records they served on defendants, plaintiffs fail to specify which of defendants' invoices correspond with these produced records and thereby constitute a duplication. Consequently, the Court finds that plaintiffs have not met their burden.

Plaintiffs further argue that the cost of reproducing these records should be denied because the vendors' invoices fail to indicate the number of copies made and the rate per page. Defendants assert, and the Court agrees, that neither § 1920 nor the Local Rules require that invoices specify these details. The Court concludes that the invoices submitted by defendants sufficiently document the costs of

1 reproducing these documents. Therefore, the Clerk is directed to add $73,133.08 to the taxation of costs
2 for reproducing plaintiffs' medical, education, and employment records.

3 Lastly, defendants assert that they are entitled to costs for reproducing documents disclosed
4 pursuant to subpoenas duces tecum. The Court agrees with defendants that these documents constitute
5 "disclosure or formal discovery documents" under Civil Local Rule 54-3(d)(2). Since plaintiffs do not
6 raise specific objections to the taxation of these costs, they have not met their burden of demonstrating
7 why these costs should not be awarded. As such, the Clerk is directed to add $1,129.40 for reproducing
8 subpoenaed documents.

## II.  Service of summons and subpoena

The Clerk awarded $14,366.38 for "fees for service of summons and subpoena" in its taxation of costs. Plaintiffs contend that this figure impermissibly includes costs for delivery services pertaining to discovery materials, case management orders, and other litigation related documents.[1] Civil Local Rule 54-3(a)(2) provides for the taxation of "[f]ees for service of process by someone other than the marshal acting pursuant to Federal Rule of Civil Procedure 4(c)." The Court reads this Rule to only award fees for service of process, which may be in the form of a summons or a writ. The record indicates that defendants were awarded fees for service of deposition subpoenas as well as various court documents, such as motions, declarations, and case management conference statements. The Court finds that service of these documents does not constitute "service of process" under the Local Rule and therefore, these costs are not recoverable.

The fees at issue also include costs for serving the notice of removal and accompanying documents. Since service of the notice of removal is functionally equivalent to service of process, the Court finds that the $309.00 awarded for service of documents relating to defendants' removal of this

---

[1] Plaintiffs raise this issue in their opposition to defendants' motion for review of costs even though it is outside the scope of defendants' motion for review of costs. Pls' Opposition [Docket No. 1310]. Further, plaintiffs fail to raise this issue in their own motion for review of costs. Pls' Motion [Docket No. 1300]. Nonetheless, defendants had an opportunity to respond to this argument in their reply brief. [Docket No. 1315]. Therefore, the Court will address the issue on the merits.

7

action are permissible. The Court strikes the remaining $14,057.38 from this category of fees.

## III.  Deposition costs

Plaintiffs seek a $ 67,775.68 reduction in the taxation of costs for certain fees associated with depositions, including videotape copies of depositions, CD conversion, ASCII disks, expedited delivery, and transportation fees. Local Rule 54-3(c)(1) allows for "[t]he costs of an original and one copy of any deposition (including video taped depositions) taken for any purpose in connection with the case." Civil L.R. 54-3(c)(1). According to plaintiffs, the "reasonable reading" of this rule is that "taxing of video tape deposition in addition to the written transcript" is not allowed. Pl.'s Reply at 2-3. However, the Court finds that the language of the rule does not support plaintiffs' position. Section 1920 and Rule 54-3(c)(1) provide that videotaped copies are permitted as long as the cost of the deposition transcript is recoverable, even if the party also obtains a hard copy of the transcript. Therefore, the Clerk properly allowed costs for videotape copies of depositions.

The other fees associated with deposition transcripts, however, are not recoverable. The Court finds that conversion of the deposition transcripts into CDs as well as ASCII disks was for the convenience of counsel. Therefore, these fees, in the amount of $8,711.45, should be deducted from the awarded costs. *See Competitive Techs, et al., v. Fujitsu Ltd.*, No. C-02-1673, 2006 U.S. Dist. LEXIS 98312, at *25 (N.D. Cal. Aug. 23, 2006). Additionally, fees for shipping and expedited delivery are not taxable costs. *Affymetrics, Inc., v. Multilyte Ltd.*, 2005 U.S. Dist. LEXIS 1177, at *7 (N.D. Cal. Aug. 26, 2005). Although fees for expedited delivery were omitted from defendants' bill of costs, the taxed costs improperly included fees for regular shipping and handling of deposition transcripts. Accordingly, the Clerk is directed to deduct an additional $2,702.50 to account for these fees.

## IV.  Costs associated with settled plaintiffs

Plaintiffs contend that costs associated exclusively with settled plaintiffs should be deducted from the costs awarded by the Clerk. Specifically, plaintiffs argue that the deposition costs for those

8

settled plaintiffs whose depositions relate solely to their own exposure and causation should be deducted from the total awarded costs. Defendants note that they already excised costs incurred to copy school and employment records for the settled plaintiffs because these documents had no evidentiary value to any other plaintiffs or issues in the case. By contrast, the depositions at issue are not exclusively associated with certain plaintiffs, but rather provide information relevant to the litigation as a whole, such as observations of the events that supposedly took place at the Remco site. Consequently, the Court agrees with defendants that these deposition costs cannot be isolated from the rest of the costs incurred to advance the general litigation. Moreover, plaintiffs do not cite any legal authority to support their argument. Indeed, one court rejected this argument, stating that "at the time defendants took [the settled plaintiff's] deposition, defendants did not know that she would ultimately settle with them, so the taking of her deposition was a necessary cost." The Court is persuaded by this reasoning and concludes that the depositions of the settled plaintiffs were "reasonably necessary" in this case. *See Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir. 1998) ("Deposition costs are taxable if they are reasonably necessary for trial.").

For the aforementioned reasons, the Clerk is directed to allow costs of (1) $13,051.93 for reproducing government records relating to Remco, (2) $8,674.20 for reproducing plaintiffs' birth certificates, (3) $2,335.20 for reproducing Avila's disclosure documents (4) $9,645.30 for reproducing expert disclosure documents, (5) $73,133.08 for reproducing plaintiffs' medical, education, and employment records, and (6) $1,129.40 for reproducing subpoenaed documents in addition to the $159,297.77 already assessed by the Clerk. However, the taxation of costs shall be reduced by $25,471.33 to account for impermissible fees relating to depositions and service of documents. After making these revisions, the total allowable costs amount to $241,795.55.

## V. Joint and several liability

Plaintiffs request that the Court exercise its discretion to separately apportion the taxed costs among the 755 plaintiffs whose claims were involuntarily dismissed so that each plaintiff is only

9

responsible for his or her prorated share of the litigation costs. The limited case law on this issue "places the burden on the losing parties to introduce evidence and persuade the court that costs should be apportioned." *Tubbs v. Sacramento County Jail*, No. CIV. S-06-280, 2009 U.S. Dist. LEXIS 80659, at *7 (E.D. Cal. Aug. 21, 2009) (citing *In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449, 469 (3d Cir. 2000). "If they fail to do so, 'the default rule is that costs may be imposed jointly and severally.'" *Id.* (quoting *Paoli*, 221 F.3d at 469). Plaintiffs contend that it is inequitable to make each plaintiff jointly and severally liable because each plaintiff's claim for damages was separate, not joint, and the cases were consolidated only for purposes of judicial economy. Defendants argue that plaintiffs should be held jointly and severally liable because "this case, for all intents and purposes, involved a 'class' of toxic tort claims that required Defendants to hire experts and prepare motions to defend against the claims as a group, not on an individual basis." Dfs' Opposition at 7.

The Court agrees with defendants that although plaintiffs technically had separate claims for damages, the case operated like a quasi-class action. Plaintiffs' counsel made the decision to join all the thousand-plus plaintiffs in just three actions (*Avila, Abbott,* and *Nickerman*). Defendants defended against all the toxic tort allegations collectively because common issues among the plaintiffs predominated the litigation. Therefore, the Court finds that it would not be equitable to limit defendants' recovery to the remaining plaintiffs' individual shares of the litigation costs.

Defendants state that they are amenable to an equitable apportionment of costs at the start of the collection process based on the length of each plaintiff's involvement in the case. However, in the event that certain plaintiffs are insolvent or incapable of being found, defendants wish to reserve the right to recover those costs from the rest of the plaintiffs. The Court agrees that plaintiffs should be held jointly and severally liable for the taxed costs but directs defendants to use their best efforts to equitably apportion costs based on the above terms.

**VI.    Discretionary reduction of taxable costs**

Plaintiffs argue, ant the Court agrees, that it would be inequitable to assess the total amount of

10

taxed costs against the plaintiffs whose claims were involuntarily dismissed. First, the prorated responsibility of each of the remaining plaintiffs is much greater now than it was at the outset of this case. This case dates back to August 1999 and originally involved over 1100 plaintiffs, many of whom have settled their claims. The 755 plaintiffs who did not settle must now cover the cost for over ten years of litigation.

Second, although no evidence has been presented regarding Plaintiffs' financial resources, the Court's knowledge of this case and the community that it involves persuades the Court that plaintiffs' capacity to pay is limited. The Ninth Circuit has recognized that the district court may properly consider the losing party's ability to pay the litigation fees in deciding whether to award costs. *See Mexican-American Educators*, 231 F.3d at 593; *Stanley*, 178 F.3d at 1079. The Court finds that the 755 plaintiffs at issue cannot afford to cover the total cost of $241,795.55.

For these reasons, the Court holds that the total taxed costs shall be reduced by half, from $241,795.55 to $120,897.77, and the 755 plaintiffs whose claims were involuntarily dismissed shall be jointly and severally liable for this amount.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART the parties' motions for review of the Clerk's taxation of costs. [Docket Nos. 1300, 1305].

**IT IS SO ORDERED.**

Dated: November 23, 2009

SUSAN ILLSTON
United States District Judge