**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DONNA M. AVILA, et al.,

    Plaintiffs,

v.

WILLITS ENVIRONMENTAL REMEDIATION TRUST, et al.,

    Defendants.

No. C 99-3941 SI

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Pneumo Abex Corporation and Whitman Corporation have moved for summary judgment as to plaintiffs Jean Cavigliano, Wendy Duerner, Frederick Michels, Larry Pergeau, Patricia Scott, and Clayton Southwick, on the ground that these plaintiffs have failed to produce sufficient evidence as to the element of specific causation. Plaintiffs did not file an opposition, and defendants filed a reply in light of recent settlement developments, confining the scope of the instant motion to six specific plaintiffs. On October 5, 2012, the Court heard argument on defendant's motion for summary judgment. Having considered the arguments of counsel and the papers submitted, the Court hereby GRANTS defendants' motion for summary judgment.

**BACKGROUND**

This action commenced on August 23, 1999. The Court consolidated this action with two subsequently-filed actions, *Arlich, et al. v. Willits Environmental Remediation Trust*, Case No. C 01-0266 SI, and *Nickerman, et al. v. Remco Hydraulics, Inc., et al.*, Case No. C 06-2555 SI. The operative Fifth Amended Complaint alleges that defendants caused plaintiffs personal injuries due to their alleged exposure to toxic chemicals emitted from the former Remco Hydraulics facility in Willits, California. Fifth Amended Complaint, ¶ 1.

Currently before the Court are six plaintiffs: Jean Cavigliano, Wendy Duerner, Frederick Michels, Larry Pergeau, Patricia Scott, and Clayton Southwick.[1] These six plaintiffs, plus a number of others (the "Dismissal Plaintiffs"), were previously dismissed from the action on March 14, 2003, on statute of limitations grounds. Docket No. 439. After the Dismissal Plaintiffs successfully appealed their dismissal to the Ninth Circuit, their claims were revived and returned to this Court on January 27, 2011. Following a Further Case Management Conference on August 26, 2011, the Court ordered the remaining Dismissal Plaintiffs, including the instant plaintiffs, to disclose their expert reports, including that of their designated causation expert, Dr. Vera S. Byers. Plaintiffs did so, with the exception of Frederick Michels, who failed to return a court-ordered, updated questionnaire, and, as such, Dr. Byers rendered no medical opinion as to whether his alleged injuries demonstrated causation. James Decl. ¶¶ 3, 8, 10, 14, 16, 18, 23, Exhs. E, G, K, M, O.

In her expert reports on causation, Dr. Byers expressly stated that she was unable to render an opinion that there is a causal connection between these six plaintiffs' alleged injuries and the Remco contamination. *Id.* ¶¶ 3, 8, 10, 14, 16, 18, Exhs. E, G, K, M, O. Specifically, Dr. Byers opined that:

- With regard to plaintiff Jean Cavigliano: "Based upon my training, education, experience and the medical literature cited in the accompanying association document it is my opinion to a reasonable degree of medical certainty that Ms. Cavigliano's exposure to the chemicals disseminated by the Remco plant cannot be proven to be a substantial factor to her symptom complex and death." Exh. E at 3.

- With regard to plaintiff Wendy Duerner: "I have no opinion." Exh. G at 1.

---

[1] Defendants' motion for summary judgment initially sought review of a much larger number of plaintiffs, asserting various procedural bars to recovery. After filing their opening brief, however, the parties settled those claims. Order Granting Stipulation to Dismiss Claims, Docket No. 1397. As such, no mention of those plaintiffs will be made in the instant order.

2

- With regard to plaintiff Larry Pergeau: "Based upon my training, education, experience and the medical literature cited in the accompanying association document, I am unable to ascribe Mr. Pergeau's anxiety disorder to the exposure to chemicals from the Remco plant."  Exh. K at 1.

- With regard to plaintiff Patricia Scott: "[B]ased on my training, education, and experience, her ulcerative colitis cannot be ascribed to the exposure to chemicals from the Remco plant."  Exh. M at 2.

- With regard to plaintiff Clayton Southwick: "Based upon my training, education, experience and the medical literature cited in the accompanying association document it is my opinion to reasonable degree of medical certainty that although Mr. Southwick is probably exposed to residual chemicals from the Remco plant, that amount cannot be quantitated."  Exh. O at 2.

Defendants deposed Dr. Byers on April 26, 2012, on the available reports. *Id.* ¶ 28. Dr. Byers confirmed that she was unable to opine that the alleged injuries of the instant plaintiffs, among others, could not be causally traced to exposure to chemicals emanating from the Remco facility. *Id.* ¶ 28, Exh. W at 246:19-248:1. Furthermore, Dr. Byers confirmed at her deposition that medical monitoring was only appropriate for those plaintiffs that she specifically identified in her expert reports. None of Dr. Byers' expert reports on the instant plaintiffs are so identified. *See id.* ¶¶ 3, 8, 10, 14, 16, 18, Exhs. E, G, K, M, O. Dr. Byers also confirmed that she created no expert report for plaintiff Frederick Michels, because he could not be located and she therefore had no basis for an opinion as to causation. *Id.* ¶ 28, Exh. W at 27:2-8.

**LEGAL STANDARD**

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "set out

specific facts showing a genuine issue for trial.'" *Id.* at 324 (quoting then Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c).

## DISCUSSION

Defendants have met their initial burden of production on summary judgment by demonstrating that the pleadings, discovery and disclosure materials on file, and affidavits, do not contain any evidence supporting the instant plaintiffs' claims as to the element of causation. *See Celotex Corp.*, 477 U.S. at 323. Specifically, the expert reports created by plaintiff's expert, Dr. Byers, expressly disclaim that these plaintiffs' alleged injuries may have been caused, within a reasonable degree of medical certainty, by exposure to chemicals emanating from the former Remco facility. *See* James Decl. ¶¶ 3, 8, 10, 14, 16, 18, Exhs. E, G, K, M, O. A plaintiff claiming personal injury from exposure to hazardous substances must prove "within a reasonable degree of medical probability based upon competent expert testimony" that such exposure was the cause, or a substantial factor in the cause, of the injury. *Jones v. Ortho Pharm. Corp.*, 163 Cal. App. 3d 396, 402-03 (1985); *see also Gordon v. Havasu Palms, Inc.*, 163 Cal. App. 4th 244, 252 (2001) (California law governs because plaintiff's claims arise under California law). Because no opposition papers were filed regarding the present motion, the burden of production does not shift back onto defendants. *See Celotex Corp.*, 477 U.S. at 324. As such, there is

4

no disputed issue of material fact as to the element of causation and defendants are entitled to summary judgment as a matter of law with regard to this subset of plaintiffs.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion for summary judgment.  (Docket No. 1386).

**IT IS SO ORDERED.**

Dated: October 9, 2012

SUSAN ILLSTON
United States District Judge